IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>   Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>   Defendant. | ORDER<br><br>and<br><br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-975 TC |

This matter comes before the court on pro se plaintiff Aaron Raiser's motion to recuse United States Magistrate Judge Brooke Wells from this case (Dkt # 105).  Mr. Raiser filed his motion to recuse before Judge Wells was, coincidentally, assigned to the case on a referral under 28 U.S.C. § 636(b)(1)(A).  But Judge Wells was assigned to handle the initial pretrial conference at the time Mr. Raiser filed his motion to recuse, so it is ripe for decision.

Mr. Raiser moves for recusal of Judge Wells under 28 U.S.C. § 455, which provides, in pertinent part, that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might <u>reasonably</u> be questioned.

28 U.S.C. § 455(a) (emphasis added).

Mr. Raiser bases his motion on two grounds.  First, he contends that Judge Wells made "a number of errors" in a separate case in which Mr. Raiser was a plaintiff (Case No. 2:04cv896). He lists nine alleged "errors" and says that he "does not believe these errors were accidental and

shows gross indifference if they were accidental." (Mem. Supp. Mot. Recuse at 3.)  Second, he "points out that if the magistrate is [a member of the LDS Church,] it poses significant tension between her religious beliefs and the party being BYU," which is a private educational institution of the LDS Church. (Id. at 5 (emphasis added).)  In his declaration, he says he has "formed a good faith belief that [M]agistrate Wells is LDS and is influence [sic] thereby in his [sic] decisions in this and other cases in which BYU is involved." (Decl. of Aaron Raiser at 7.)

Mr. Raiser's motion is without merit.  It is conclusory and provides nothing more than speculation.  "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  [Plaintiff] must state with required particularity the identifying facts of time, place, persons, occasion and circumstances." Hinman v. Rogers, 831 F.3d 937, 939 (10th Cir. 1987) (internal citation omitted).

The court has reviewed Mr. Raiser's Declaration and the litany of Mr. Raiser's complaints regarding Judge Wells' actions in Raiser v. LDS Church (2:04-CV-896).  Based on the docket and relevant documents in Case No. 2:04-CV-896, the court finds that, in some instances, Mr. Raiser does not fairly characterize what actually occurred.  And even assuming, for the sake of analysis only, that mistakes were made, Mr. Raiser provides no support other than his own conclusions that anything Judge Wells did was motivated by bias or could reasonably be perceived as biased.  Furthermore, the nine alleged "errors" in the separate case reflect Mr. Raiser's disagreement with Judge Wells' rulings, which is not enough to require recusal. "Adverse rulings alone are insufficient to show bias." Thompson v. Ramsey, 28 Fed. Appx. 831, 837, 2001 WL 1475065 at **6 (10th Cir. Nov. 21, 2001) (citing Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir. 1988));  see also Liteky v. United States, 510 U.S. 540, 555

(1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Finally, Mr. Raiser's concern about alleged religious bias on the part of Judge Wells is based on speculation, notwithstanding his "good faith belief" about Judge Wells' religious affiliation, if any.

## ORDER

Mr. Raiser does not provide any valid basis for believing that Magistrate Judge Wells' impartiality might reasonably be questioned. Accordingly, his motion for recusal (Dkt # 105) is DENIED.

SO ORDERED this 18th day of October, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge