IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>            Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>            Defendant. | Case No. 2:02 cv 0975 TC<br><br>**ORDER, MEMORANDUM DECISION and ORDER TO SHOW CAUSE**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Federal Rule 41(b) permits a court, in its discretion, to dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."[1]  "But dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[2]  Thus, when applying such a severe sanction a court must consider: "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant."[3]

---

[1] Fed. R. Civ. P. 41(b); *see also* Reed v. Nellcor Puritan Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").
[2] *Reed*, 312 F.3d at 1195 (quoting *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).
[3] *Id.*

As outlined in greater detail below, the court finds it appropriate to enter an order to show cause concerning whether or not this case should be dismissed for *pro se* Plaintiff Aaron Raiser's failure to prosecute, failure to abide by court orders, and for interference with the judicial process by *inter alia*, making false representations in court filings. Accordingly, the court GRANTS Defendant Brigham Young University's (BYU) motion for order to show cause. Further, the court DENIES Raiser's motions because they are without merit and takes under advisement BYU's motion for sanctions.

## Background

In 2002 Aaron Raiser filed his original complaint against BYU alleging that he had been mistreated and abused by campus police.[4] Shortly thereafter Raiser filed several discovery motions.[5] These motions, however, were denied because pursuant to Federal Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[6]

On May 18, 2006 Judge Campbell entered an Order to Show Cause directing the parties to show cause why the case should not be dismissed for lack of prosecution.[7] Raiser responded stating that he intended to proceed with the case and desired a scheduling conference.[8] This

---

[4] *See* Am. Compl. at 3 filed on August 9, 2005, which is substantially similar to the original complaint filed in 2002.
[5] Docket nos. 18, 26, and 38.
[6] Fed. R. Civ. P. 26(d); *see also* Order dated January 2, 2003.
[7] Docket no 100.
[8] Docket no. 101.

court then sent out notice of an initial pretrial conference set for October 11, 2006.[9] Rather than appear at this conference Raiser filed a motion to recuse Magistrate Judge Wells.[10] Judge Campbell denied this motion,[11] and this court reset the initial pretrial conference for December 13, 2006. Notice was sent on November 29, 2006, approximately 13 days before the scheduled conference.[12] In this notice the court specifically stated in capital letters that "ALL PARTIES MUST APPEAR – NO TELEPHONIC APPEARANCES WILL BE PERMITTED."[13] On the day before the hearing-December 12, 2006-Raiser filed with the court a notice regarding phone appearance stating that he spoke "with chambers on 11/27/06 at approximately 10 am [and] was told that telephonic appearances were allowed."[14] On this same date Raiser also filed a motion to continue the scheduling conference because of a state arrest warrant that was allegedly obtained by BYU's misconduct.[15] Later this same day, the court denied Raiser's motion stating that he was never given permission to appear by phone and that he must appear in person or be required to show good cause concerning whether this case should be dismissed for failure to prosecute and for failure to abide by court orders.[16] On December 13, 2006, Raiser failed to appear at the scheduled hearing and the resulting motions currently before the court followed.

---

[9] Docket nos. 103 and 104.
[10] Docket no. 105.
[11] Docket no. 112.
[12] Docket no. 114.
[13] *Id* (emphasis in original).
[14] Notice Regarding Phone Appearance p. 1.
[15] *See* Motion to Continue p. 4-6.
[16] *See* Order dated December 12, 2006.

Before the court are BYU's motion for sanctions[17] and motion for order to show cause.[18] Also before the court are Raiser's motion for sanctions[19] and motion for leave to file sur-reply.[20] Raiser has also filed a motion for recusal of Judge Campbell that is presently not before this court.

## Discussion

*A. BYU's motion for order to show cause is granted and Raiser's motion for sanctions is denied.*

In support of their motion BYU argues that Raiser has failed to prosecute this case. This action started on August 29, 2002. And since that time, according to BYU, Raiser has not conducted any proper discovery.[21] Instead, Raiser has sought discovery extensions or filed premature motions for discovery although there is no scheduling order in place. Raiser has also filed meritless motions that delayed the proceedings, postponed the entry of a scheduling order, and Raiser's newly proposed schedule allows discovery until September 2009, a date unnecessarily set so far in the future that it prevents the timely resolution of this case. Further, Raiser recently stated that he intended to avoid entering the state of Utah to conduct any depositions.[22] Finally, notwithstanding Raiser's own motion for a Rule 16 conference, Raiser failed to appear at the conference set before this court offering "the mystifying excuse that the

---

[17] Docket no. 122.
[18] *Id.*
[19] Docket no. 124.
[20] Docket no. 130.
[21] *See* Mem. in Supp. p. 5.
[22] *See id.* p. 6.

magistrate judge's chambers granted him permission to appear telephonically."[23]  "In sum, after four years of litigation, Mr. Raiser has done nothing to properly conduct discovery, put a scheduling order in place, confer in good faith with counsel for BYU, or otherwise advance this case to a resolution."[24]

Next, BYU argues that dismissal would satisfy the interests of justice because of the resources that have been wasted in this litigation.[25]  BYU has spent approximately $10,862.74 in this litigation.[26]  And, the court has spent considerable time dealing with a case that has not progressed toward resolution.

Finally, BYU argues that pursuant to Rule 41(b) this court may also dismiss this case because of Raiser's failures to abide by court orders.[27]  In support of this argument BYU outlines the circumstances surrounding Raiser's filings regarding an alleged allowable telephonic appearance before this court.[28]  This includes Raiser's statement that he "was told he could appear by phone on or about November 27 by chambers of this magistrate,"[29] which is an inaccurate representation because Raiser was not given permission to appear by telephone.[30]

---

[23] *Id.*
[24] *Id.*
[25] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992) (affirming district court's dismissal of an action for discovery violations that wasted resources).
[26] *See* Mem. in Supp. p. 8.
[27] *See id.* p. 9.
[28] *See supra* background.
[29] Mem. in Supp. p. 9.
[30] *See* Order dated December 12, 2006.

In response, Raiser filed a motion for sanctions arguing that BYU has "engaged in unlawful out of court conduct in violation of the Utah Rules of Professional Conduct 3.3(d) which directly impinges upon Plaintiff's ability to conduct discovery and . . . attend hearing[s] in this case in Utah."[31] According to Raiser the circumstances behind BYU obtaining a state arrest warrant were illegal and therefore sanctions should be entered against BYU.

Next, Raiser argues that the delay in this case was due to this court's failure to timely set a scheduling conference, and to BYU's injection of private confidential information that lead to motions and appeals.[32] Further, BYU failed to file a motion to dismiss under 12(b)(6) providing "no argument as to why it can not prevail on the merits."[33] So, this is a weak case that should not be decided on a procedural motion such as this. Finally, Raiser accuses this court of forcing him to appear in person in order to help effectuate the outstanding arrest warrant.

After considering the record before the court, the court finds there is no evidence that BYU acted unlawfully in obtaining a state arrest warrant for Raiser. Moreover, the warrant was struck in August 2005.[34] Raiser should have known that the bench warrant was no longer in effect by December 2006-nearly a year after it was stricken. Thus, there was no warrant to prevent Raiser from attending the hearing.

This court has also diligently sought to hold a scheduling conference at the request of Raiser. Yet, based upon the record, Raiser has failed to attend as directed by the court and has

---

[31] Mem. in Supp. p. 2.
[32] *See* Response to motion for OSC; *see also Raiser v. BYU et al.* case no. 2:04-cv-896 TC.
[33] Response to motion for OSC p. 1.
[34] BYU's Reply p. 4.

conjured up excuses that are patently false and has misrepresented communications from this court. Finally, the court finds no merit in Raiser's argument that BYU's case somehow lacks merit because of their choice to pursue sanctions. This case is over four and a half years old and there is little demonstration in the record of Raiser's desire to diligently prosecute this matter. If this case is to proceed Raiser will have to come to Utah at some point in time. Yet, Raiser represents that he will not be coming to Utah to pursue this case.

Accordingly, based on the forgoing the court hereby ORDERS Raiser to show good cause why this case should not be dismissed for his failure to prosecute, and or his failure to abide by this court's orders including the order to appear for a scheduling conference that he requested. Raiser shall have 25 days from the entry of this order to respond in writing. In his response Raiser is also ORDERED to provide a response to BYU's request for monetary sanctions.

*B. The court grants Raiser's motion to file a sur-reply*

In an effort to provide Raiser the benefit of the doubt, and in operating under the liberal pleading standard given to *pro se* litigants,[35] this court GRANTS Raiser's motion to file a sur-reply.[36] After considering the sur-reply, however, the court fails to find merit to the additional arguments made by Raiser. In essence, Raiser provides similar arguments concerning an arrest warrant that does not exist. As mentioned previously the court rejects these arguments.

---

[35] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).
[36] Docket no. 130.

## Conclusion

Based on the forgoing the court GRANTS BYU's motion for order to show cause,[37] DENIES Raiser's motion for sanctions,[38] GRANTS Raiser's motion to file sur-reply,[39] and takes under advisement BYU's motion for sanctions.[40]

DATED this 21st day of March, 2006.

Brooke C. Wells
United States Magistrate Judge

---

[37] Docket no. 122.
[38] Docket no. 124.
[39] Docket no. 130.
[40] Docket no. 122.