IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-975 TC |

Pro se Plaintiff Aaron Raiser moves for recusal of Judge Tena Campbell under 28 U.S.C. § 455. Section 455 provides, in pertinent part, that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). Mr. Raiser bases his motion on various grounds, but, in general, he claims that, "[o]ver the course of a few years now, based on a variety of decisions by [J]udge Campbell concerning the course of this and other cases involving Plaintiff, sufficient basis exists for a person to reasonably question whether [J]udge Campbell is impartial." (Pl.'s Mem. Supp. Mot. for Recusal at 2.)

Mr. Raiser focuses on events that occurred in this case as well as in the cases of <u>Raiser v. Church of Jesus Christ of Latter-Day Saints</u>, Case No. 2:04-CV-896-TC, and <u>Raiser v. Kono et al.</u>, Case No. 2:06-CV-256-TC. In all, he lists twenty-eight different events to support his motion.

He claims that his motion "is not about some . . . set of adverse decisions which Plaintiff is complaining about – it is about impartiality – and not adverse decisions." (Id.)  By making that statement, Mr. Raiser attempts to avoid the basic principle that "[a]dverse rulings alone are insufficient to show bias." Thompson v. Ramsey, 28 Fed. Appx. 831, 837, 2001 WL 1475065 at **6 (10th Cir. Nov. 21, 2001) (citing Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir. 1988)); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  But many of the individual events of which he complains are just that – adverse rulings, some of which have already been affirmed on appeal to the Tenth Circuit.  (See, e.g., Mar. 2, 2007 Mandate from Tenth Circuit (Dkt # 226 in Raiser v. Church of Jesus Christ of Latter-Day Saints, Case No. 2:04-CV-896-TC); Pl.'s Mem. Supp. Mot. for Recusal at 3-9 (presenting complaints about court rulings, as listed in Parts C, D, E, F, G, L, M, O, Q, R, S, T, U, V, W, Y, and Z).[1]

Many of Mr. Raiser's complaints are based on conclusory statements, some of which are difficult to follow.  "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  [Plaintiff] must state with required particularity the identifying facts of time, place, persons, occasion and circumstances." Hinman v. Rogers, 831 F.3d 937, 939 (10th Cir. 1987) (internal citation omitted).  To the extent the court can ascertain the nature of Mr. Raiser's complaints (other than those challenging adverse rulings), he seems to be complaining about the court's management of the cases or wording in orders.  (See, e.g., Pl.'s Mem. Supp. Mot. for

---

[1] Parts H and K and a portion of Part O in Mr. Raiser's memorandum actually complain about a decision issued by United States Magistrate Judge Brooke Wells, so they are not relevant to Mr. Raiser's request for recusal of Judge Campbell.

Recusal at 2-3, 5, 9-10 (Parts A, B, I, J, P, X, and complaints about events in case numbers 2:06-CV-256-TC and 2:02-CV-975).)[2]  The court has reviewed each of these complaints (conclusory or not) and finds that the alleged improprieties, taken individually or as a whole, simply do not suggest that someone would reasonably question the court's impartiality.

## ORDER

For the reasons set forth above, Mr. Raiser's Motion for Recusal is DENIED.

DATED this 28th day of March, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[2]Mr. Raiser complains about a typographical error in the court's Order of February 7, 2006.  The court acknowledges the error, but cannot discern any prejudice to Mr. Raiser.  (See Pl.'s Mem. Supp. Mot. for Recusal at 6 (Part N); Feb. 7, 2006 Order (Dkt # 215) in Case No. 2:04-CV-896-TC.)

3