IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:02-CV-975-TC |

　　　　Defendant Brigham Young University (BYU) has filed a Motion to Dismiss and Motion for Sanctions against *pro se* plaintiff Aaron Raiser. BYU cites as the last straw Mr. Raiser's willful disregard of his obligation to appear for his deposition and his bad faith refusal to follow up on his agreement to stipulate to dismiss the case.

**BYU's Motion to Dismiss**

　　　　Based on the record presented by BYU, it appears that Mr. Raiser, despite proper notice and three court orders telling him of his obligation, did not appear for his scheduled deposition, set for Friday, August 24, 2007, at 9:00 a.m. in the offices of BYU's counsel. (See, e.g., Apr. 23, 2007 Order (Dkt # 145) (noting that, after reciting litany of other questionable behavior by Mr. Raiser in this drawn-out case, failure to appear in person for deposition was ground for dismissal with prejudice); Aug. 2, 2007 Order (Dkt # 153) (denying Mr. Raiser's Motion for Protective Order and stating that "[t]he deposition [of Mr. Raiser] is to be held as noticed by BYU."); Aug. 22, 2007 Order (Dkt # 156) (denying Mr. Raiser's Renewed Motion for Protective Order and

declining to postpone the deposition noticed by BYU).)

In Mr. Raiser's opposition to BYU's Motion to Dismiss and Motion for Sanctions, he is unapologetic about his planned failure to appear. He continues to raise the same arguments that the court twice rejected when denying his meritless motions for a protective order.

Rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss an action for failure to prosecute or to comply with the rules or any order of the court. Mobley v. McCormick, 40 F.3d 337, 340 n.1 (10th Cir. 1994). The court has considered the five factors set forth in Mobley to determine whether to dismiss under Rule 41(b): (1) the degree of actual prejudice to BYU; (2) the amount of interference with the judicial process; (3) the culpability of Mr. Raiser; (4) the fact that the court warned Mr. Raiser that noncompliance would very likely result in dismissal with prejudice; and (5) the efficacy of lesser sanctions. 40 F.3d at 340. Given the history of this case (as extensively laid out in Magistrate Judge Brooke Wells' March 21, 2006 Order, the court's April 23, 2007 Order, and BYU's pleadings), and Mr. Raiser's most recent refusal to follow court orders, the court finds that the five factors weigh in favor of dismissal with prejudice. Accordingly, BYU's request is granted.

**BYU's Motion for Sanctions**

In addition to dismissal, BYU seeks attorneys' fees and costs incurred in preparing for and convening Mr. Raiser's deposition, and for preparing and filing the motion currently before the court. Specifically, BYU seeks an order awarding it $1,732.10 in fees and costs.

The court has often denied BYU's requests for attorneys' fees. But this time the court finds that the modest award is appropriate under the circumstances of this case, as evidenced by the record and BYU's most recent motion and counsel's affidavit. Accordingly, BYU's request

for sanctions is granted.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. BYU's Motion to Dismiss and Motion for Sanctions (Docket # 157) is GRANTED. The court hereby DISMISSES Mr. Raiser's action WITH PREJUDICE.

2. The Clerk of the Court is directed to issue judgment in favor of Defendant Brigham Young University and to close this case.

3. Mr. Raiser is hereby ORDERED to pay Brigham Young University $1,732.10 in attorneys' fees and costs.

DATED this 29th day of October, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge