IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-975-TC |

On October 29, 2007, the court granted Defendant Brigham Young University's (BYU) Motion to Dismiss and Motion for Sanctions. (See Docket # 163.) Pro se plaintiff Aaron Raiser then filed a Motion to Reconsider (Docket # 165) and a motion captioned "Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 167).[1]

**Mr. Raiser's Request for Recusal or Transfer**

Mr. Raiser seeks recusal under 28 U.S.C. § 455, which provides in relevant part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any

---

[1]Mr. Raiser also filed a similar motion in a separate proceeding, In re: Aaron Raiser, 2:06-MC-382-TC, which is also before this court (that case addresses the question whether Mr. Raiser should be placed on the court's restricted filer list). That motion was captioned "Motion for Recusal; Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 60). Based on the court's review of the motion's text (and the text of "Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 167) filed in this case), it appears that Mr. Raiser may have meant to file that motion (Docket # 60) in the present matter. But he did not caption that motion using this matter's case number, so it remains pending in the 2:06-MC-382-TC case, and the court will not decide it here. Regardless, the motions are substantively similar, so the outcome will not change.

proceeding in which his impartiality might reasonably be questioned . . . [or] [w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(a), (b). The basis for Mr. Raiser's motion is essentially twofold.

First, he contends that "[a] number of anomalies and decisions have been made which greatly favor BYU and no rational explanation exists other than bias." (Mem. Supp. Mot. for Recusal (# 168) at 1.) He enumerates various procedural and substantive rulings that occurred in two other cases in which he was a party and which this court handled.

The first of those cases is Raiser v. Church of Jesus Christ of Latter Day Saints, 2:04-CV-896-TC (D. Utah). Mr. Raiser appealed the merits of the decision in that matter, and the United States Court of Appeals for the Tenth Circuit affirmed this court on the merits. The Tenth Circuit rejected many of Mr. Raiser's arguments (regarding rulings on discovery, Establishment Clause, use of a pseudonym, and amendment of complaint) that Mr. Raiser now recites as examples of this court's alleged bias against him.

The second of those cases is Raiser v. Kono, 2:06-CV-256-TC (D. Utah). In that case, Mr. Raiser appealed the court's order dismissing his complaint and order denying his motion for recusal of United States Magistrate Judge Brooke Wells. The Tenth Circuit affirmed, finding that it was "patently obvious that Mr. Raiser could not prevail on the facts and theories alleged[.]" (July 5, 2007 Order at 2 (Case No. 06-4243) (10th Cir.).)

The alleged errors set forth in Mr. Raiser's motion for recusal reflect Mr. Raiser's disagreement with the court's rulings, which is not enough to require recusal. "Adverse rulings alone are insufficient to show bias." Thompson v. Ramsey, 28 Fed. Appx. 831, 837, 2001 WL 1475065 at **6 (10th Cir. Nov. 21, 2001) (citing Willner v. University of Kansas, 848 F.2d

1023, 1028 (10th Cir. 1988));  see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Moreover, those rulings were appealed to and affirmed by the Tenth Circuit Court of Appeals. Accordingly, the first basis for his motion does not establish bias or the appearance of bias under 28 U.S.C. §§ 455(a) or 455(b).

Second, he contends that if the court and the law clerk(s) assigned to the case are members of the Church of Jesus Christ of Latter Day Saints ("LDS Church") (he presents no evidence other than what he calls his good faith belief), they are inherently biased in favor of LDS Church-owned BYU. To support his contention of religious bias, he submitted a declaration setting forth his opinion that the LDS church teachings necessarily require members' unquestioning faithfulness to all things LDS, including BYU. (Mem. Supp. Mot. for Recusal (Dkt # 168) at 12-13.) Mr. Raiser provides nothing but speculation to support his claim that the decision-makers are LDS or that religious bias permeated the decision-making in his case.[2]  See also In re McCarthey, 368 F.3d 1266, 1270 (10th Cir. 2004) (stating that even if the presiding judge "belongs to and contributes to the Mormon Church, [that] would never be enough to disqualify him.").

For the same reasons, the court finds that Mr. Raiser has not provided any support for his

---

[2]Mr. Raiser also contends that he was denied due process of law because, he alleges, the law clerks, not the judge, reviewed his pleadings. He then suggests that the law clerks manipulated the key facts and misrepresented those facts to the judge to "get a given outcome." (Mem. Supp. Mot. for Recusal (# 168) at 3.) Again, Mr. Raiser offers nothing more than speculation.

3

claim that the case, in order to avoid bias, must be transferred to a different court.[3]

In sum, Mr. Raiser does not provide any valid basis for believing that the court's impartiality might reasonably be questioned or that actual bias existed. Accordingly, his motion for recusal or transfer is DENIED.

**Mr. Raiser's Request for Reconsideration**

On October 30, 2007, the court granted Defendant BYU's motion to dismiss with prejudice and motion for sanctions. (Oct. 30, 2007 Order & Mem. Decision (Docket # 163).) The court granted the motion to dismiss and for sanctions based on Mr. Raiser's willful disregard of the court's earlier orders that he appear in person for his deposition as noticed by BYU. The order granting the motion to dismiss came after Mr. Raiser had sufficient notice that failure to appear would result in dismissal with prejudice. Mr. Raiser requests reconsideration of that Order.

As the basis for his motion, he provides more excuses for why he did not appear for his deposition. He boldly, and inappropriately, analogizes his situation to the following:

> A female visits a male attorney office and is raped. She sues and lets [sic] say for sake of argument it is in federal court. The attorney [sic – should be female client] appears pro se. At discovery the attorney notices her deposition for his office. The court takes judicial notice that depositions are taken at the the [sic] office of counsel and requires her to appear at her deposition at his office.

---

[3] Mr. Raiser points to a 2002 article relating a joke about *pro se* litigants that was made during a memorial service for one of the court's former magistrate judges. He speculates that "jokes are made about pro se litigants at the court and likely [J]udge Campbell and others were present[.]" To Mr. Raiser, this shows that the court is biased and influenced by the LDS religion and that "federal judges of this court . . . personally take messages from other judges at the court directly to the LDS church leadership." (Id. at 11.) The connection Mr. Raiser attempts to make is simply not tenable.

4

(Pl.'s Mem. Supp. Mot. to Reconsider (Dkt # 166) at 2.)  He then accuses BYU and BYU's counsel of "committ[ing] torts against Plaintiff . . . including sexual assault."  (Id. at 3.)

Nothing in the record supports such an allegation.  More significantly, Mr. Raiser does not provide any reason under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure why the court should vacate its order dismissing his case and imposing sanctions.  His Motion for Reconsideration is DENIED.

## ORDER

For the reasons set forth above, Mr. Raiser's Motion to Reconsider (Docket # 165) and his "Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 167) are DENIED.

DATED this 15th day of January, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge